IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GEORGE MAKRIS, JOHN SIMIONE FILARETOU and CESAR GUEVARA<br><br>Plaintiffs<br><br>vs<br><br>SPENSIERI PAINTING, LLC; CORNELL UNIVERSITY; NATIONAL ASTRONOMY AND IONOSPHERE CENTER; CORPORATIONS A, B and C; JOHN DOES 1, 2 and 3; INSURANCE COMPANIES X, Y and Z<br><br>Defendants Third-Party Plaintiffs<br><br>vs<br><br>TSA CONSTRUCTION, INC. and DIMITRIOS TSALICKIS<br><br>Third-Party Defendants | CIVIL 08-1718CCC |

## ORDER

The Court has before it the Motion in Limine to Exclude, as Irrelevant, any Testimony from César Guevara filed by defendant Spensieri Painting, LLC (Spensieri) (**docket entry 98**), which plaintiff George Makris opposed (docket entry 115). Spensieri notes in its Motion that Makris has proffered the testimony of Guevara in the following five categories: (a) how the accident occurred, (b) the injuries Guevara allegedly sustained as a result of the accident, (c) Guevara's employment relationship with Spensieri, (d) Guevara's employment history, experience and income, and (e) the equipment used in the worksite, safety practices and job training, and now seeks that Guevara's testimony in all such categories be excluded for being either irrelevant, cumulative, or unfairly prejudicial.  In his opposition, Makris starts by noting that Guevara's proffer was not limited only to the five categories acknowledged by Spensieri but actually extended to "all the facts alleged in the complaint."  He goes on to concede, however, that as Guevara is no longer a party to the action, categories (b), (c) and (d) listed above are no longer relevant.  Opposition, at ¶ 5.

CIVIL 08-1718CCC                                                    2

      To the extent that the proffer made by Makris about Guevara's testimony covers "all the facts alleged in the complaint," it is overbroad and will not be allowed.  The proffer of the testimonies of trial witnesses included in the Pre-Trial Order has to be specific enough so that the opposing party may move for exclusion on grounds such as relevance, lack of personal knowledge and unduly prejudicial evidence.  Thus, the Court will only consider the proffer on Guevara as to the particular items which were identified in the Pre-Trial Order, which are now the object of Spensieri's in-limine motion.

      As Makris has admitted that the proffers on items (b), (c) and (d) have lost its relevance in light of Guevara's withdrawal from the case, Spensieri's objection to the same are SUSTAINED.  Absent Makris' concession, Guevara's testimony on item (b), his injuries, would not had been allowed anyway for being unduly prejudicial under Fed. R. Evid. 403, and his testimony on his experience and income would have been similarly excluded as irrelevant.  Guevara will neither be allowed to testify on the extent of Makris' injuries and/or Makris' lifestyle post-accident since he lacks personal knowledge.

      As to items (a), how the accident occurred, and (e), the equipment used in the worksite, safety practices and job training, Spensieri's objections are OVERRULED since both items are relevant, within Guevara's personal knowledge, not cumulative and not unduly prejudicial.

      SO ORDERED.

      At San Juan, Puerto Rico, on December 23, 2011.


                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge